## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| WESLEY EASTERLY ) | |
| 4172 HUFFMAN ROAD ) | |
| MEDINA, OH 44256 ) | CASE NO. |
| ) | |
| CHRISTOPHER JOECKEN ) | |
| 14805 TRISKETT ROAD ) | |
| CLEVELAND, OH 44111 ) | JUDGE |
| ) | |
| EVAN GRAHAM ) | |
| 1292 WILBUR ROAD ) | |
| MEDINA, OH 44256 ) | |
| ) | |
|       Plaintiffs ) | |
| v. ) | |
| ) | |
| NICK HARTKOP ) | |
| 302 Park Avenue Apt. 2 ) | |
| Raleigh, NC 27605-1842 ) | |
| ) | |
|       Defendant ) | |

### COMPLAINT
Jury Demand Endorsed Hereon

### JURISDICTION AND VENUE

1. All Plaintiffs are residents of Cuyahoga or Medina County and citizens of the state of Ohio. Defendant is a resident and citizen of the state of North Carolina. There is complete

1

diversity of citizenship. The events described herein all took place within the jurisdiction of this court. The LLC was formed in Cuyahoga County, Ohio.

2. The actual amount in controversy between Plaintiffs and Defendant exceeds the sum of $75,000.

3. Jurisdiction and venue are proper pursuant to 28 USC section 1332.

4. The primary controversy in this case arises under the laws of the United States and concerns copyrights, to wit: 17 USC 101 et seq. and the United States Constitution, Article 1.

5. Jurisdiction and venue are proper pursuant to 28 USC section 1331 and 1338.

6. The remaining issues in actual controversy are subject to the supplemental jurisdiction of the District Court pursuant to 28 USC 1367.

**COUNT ONE-DECLARATORY JUDGMENT-COPYRIGHT**

7. This is an action for declaratory judgment pursuant to 28 USC 2201 et seq.

8. Plaintiffs and Defendant were friends and musicians who have played together on various occasions and in various bands during the course of their music careers spanning 2007 to present.

9. In approximately 2010 a band called McCafferty was formed and began performing and touring.

10. McCafferty was successful both in touring and recording. During their professional music work with the band, Plaintiffs and Defendant co-authored, performed, and are the owners of a collection of songs consisting of up to 85 songs jointly created and recorded by the Plaintiffs and defendant ("The Discography".)

11. The Parties wrote songs together each contributing elements according to his talents. The parties intended their effort to result in a single complete song.

12. The Discography is under copyright protection pursuant to Title 17 and the United States Constitution, Article 1 from the moment each song was created by the Parties in their collaborative writing process described above and when that process was reduced to writing or fixed in another tangible form such as a recording.

13. Additional copyrights for each recorded performance were created when the parties recorded each song ("the Recordings").

14. The parties created joint works pursuant to 17 USC 101 in each song of the Discography and recordings where their intention in creating, writing, and recording the Discography was that their individual contributions would be merged into inseparable or interdependent parts of the unitary whole, i.e. each of the songs.

15. As a result of authoring these joint works, Plaintiffs and Defendant jointly own a copyright in equal shares in each of the 85 songs and in each subsequent recordings of the songs.

16. On or about May 8, 2017, the parties created a limited liability company known as "McCafferty Band, LLC." Through this entity the income and expenses of the band were directed. There was no operating agreement, but the four members demonstrated their intention and equal ownership when the parties shared the net income of the LLC in equal shares.

17. TuneCore is a Brooklyn, New York-based independent digital music distribution, publishing, and licensing service. TuneCore collects payments for royalties from individual plays of songs on jukeboxes and the internet and then aggregates and pays to the copyright owners those royalties.

18. Among the income sources of the LLC is royalties paid by TuneCore for internet and jukebox play. Such income consists of approximately $100,000 per year.

19. On or about March 29, 2018 Defendant Nick Hartkop suffered a breakdown, left the band in Masa, Arizona and returned home by air. As a result, the rest of the tour was cancelled, and the Plaintiffs returned to Ohio in the touring van.

20. At that same time, Plaintiff Christopher Joecken discontinued his association with Defendant Nick Hartkop. On or about December 21, 2019, Defendant declared that Plaintiff Wesley Easterly was "out" of the band and the LLC. By "out" Defendant attempted to terminate each plaintiff's memberships in the LLC. On or about January 29, 2020 during an argument Defendant

unilaterally removed Evan Graham from the LLC membership. There was no vote of the membership nor any payment in compensation for the value of the individual's membership interest. Defendant had no right or authority to take these actions.

21. Defendant has not accounted to Plaintiffs for the income of the LLC, or the royalties; and, upon information and belief, Defendant has misappropriated the funds that should have been paid to the plaintiffs for his own uses.

22. Plaintiffs seek a declaratory judgment setting forth the equal ownership of the copyrights to the music and the recorded performances of the Parties and to the subsequent royalties therefrom.

**COUNT TWO-STATE LAW CLAIM-DECLARATORY JUDGMENT-LLC OWNERSHIP**

23. Plaintiffs reallege the allegations made in the preceding paragraphs as if re-written herein.

24. This is an action for declaratory judgment pursuant to 28 USC 2201 et seq. and R.C Chapter 2721.

25. Each of the parties to this lawsuit is an equal member of the LLC and owns one-fourth of the LLC.

26. Defendant kept the books and records of the LLC. and did not share that information with Plaintiffs.

27. The LLC's had revenue from a variety of sources. These sources included performance and touring revenue, merchandise

sales, and royalties from various sources including primarily TuneCore.

28. The royalties amount to approximately $100,000 per year.

29. The LLC collected all the Band's revenue and paid the LLC's expenses and the Band's touring expenses. The LLC continues to collect the ongoing revenue from tune core and other sources at the present time.

30. The parties, through the LLC, paid distributions in equal shares to each of the Plaintiffs and Defendant until November 2018 when Defendant without the agreement of his co-members discontinued paying Plaintiffs as aforesaid.

31. Defendant claimed to eject the Plaintiffs from membership, but he had no right to do so.

32. Ohio Revised Code Chapter 1705 governs limited liability companies. That chapter provides for required documents to be kept by the LLC including a list of the members and a list of the capital contributions by each member. R.C. 1705.28.

33. Defendant was the de facto managing member of the LLC and failed to maintain the required records.

34. The profits of an LLC are to be divided in proportion to capital contribution or according to the operating agreement. R.C. 1705.10.

35. Plaintiffs seek a declaratory judgment setting forth their equal ownership of the LLC.

6

**COUNT THREE- DEMAND FOR ACCOUNTING**

36. Plaintiffs reallege the allegations made in the preceding paragraphs as if re-written herein.

37. Plaintiffs are entitled to an accounting of the revenue and expenses of the LLC pursuant to 1705.22.

38. Plaintiff demands an order compelling Defendant to make a full accounting of the revenue and expenses of the LLC including payments from TuneCore.

**COUNT FOUR-STATE LAW CLAIM- STATE LAW CLAIM-CONVERSION OF LLC FUNDS**

39. Plaintiffs reallege the allegations made in the preceding paragraphs as if re-written herein.

40. Defendant occupied a position of trust as the managing member of the LLC.

41. Defendant kept the books, received the revenue, and paid the expenses and distributions to the member of the LLC.

42. Upon information and belief, Defendant misappropriated funds belonging to the LLC including but not limited to the diversion of royalty payments from TuneCore in amounts exceeding $75,000.

43. Plaintiffs seeks judgment against Defendant for the misappropriated funds.

**COUNT FIVE-ATTORNEY'S FEES**

44. Plaintiffs seek attorney's fees and costs from Defendant as authorized by 17 U.S.C. § 505.

45. This civil action is brought under title 17. Plaintiffs have incurred costs including reasonable attorney's fee in an amount to be determined at trial.

**JURY DEMAND**

Plaintiffs demand a trial by a jury of the maximum number permitted.

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

1) for Declaratory judgment setting forth the parties' rights, ownership, and interests in the copyrights and the LLC on counts 1 and 2;

2) for an order commanding Defendant to make a full accounting for all funds generated as a result of the copyrights, or the activity of the LLC on count 3;

3) for judgment against Defendant for funds converted by the Defendant on count 4;

4) for their reasonable attorney's fees on count 5;

5) for such other and further relief to which the Plaintiffs are entitled, at law or in equity.

Respectfully submitted,

/s/Richard E. Hackerd
**RICHARD E. HACKERD**
Attorney Reg. #0055306
55 Public Square, suite 2100
Cleveland, OH 44113
216.241.8282
866.201.0249 (fax)
Richard@Hackerd.com (E-mail)
Attorney for Plaintiffs